IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAYSON WAYNE CARROLL                                                                          PETITIONER
ADC #135507

V.                                          NO. 5:08cv00029 BSM-JWC

LARRY NORRIS, Director,                                                                       RESPONDENT
Arkansas Department of Correction

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

I. Instructions

The following recommended disposition has been sent to United States District Court Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations. A copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR  72201-3325

## II.  Recommended Disposition

On February 5, 2008, Petitioner, a state prisoner proceeding pro se, brought this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #1).  He did not submit the statutory filing fee or an application to proceed in forma pauperis.  By order entered February 11, 2008 (docket entry #2), the Clerk of the Court was directed to forward to Petitioner an in forma pauperis application.  Petitioner was directed to submit either the $5.00 statutory filing fee or to complete and sign the in forma pauperis application.  On February 22, 2008, Petitioner filed an in forma pauperis application (docket entry #4), which was denied (docket entry #5).  Petitioner's application clearly demonstrated that: 1) his total deposits for the previous six-month period totaled $450.00; 2) his average monthly deposit for the same six-month period was $75.00; and 3) his average monthly balance for the same six-month period was $36.63, each figure far in excess of the $5.00 statutory filing fee required to pursue his habeas claim.  Although Petitioner's current trust account balance was $0, it was evident that he had sufficient funds moving into and out of his account on a monthly basis.  From this information, the Court concluded that Petitioner had

sufficient funds to pay the $5.00 filing fee; therefore, by order entered February 29, 2008 (docket entry #5), Petitioner was directed to submit the filing fee in full on or before March 31, 2008, if he wished to pursue this claim.  Petitioner was advised that his failure to timely comply with the Court's order would result in the recommended dismissal of his action without prejudice for failure to prosecute the action diligently and failure to comply with the Court's order.

On April 11, 2008, Petitioner filed an untimely motion for extension of time in which to respond to the Court's February 29, 2008, order (docket entry #7) due to "some correctional set backs."  Petitioner requested, and was granted for good cause shown, a two-week extension within which to comply (see docket entry #8).  Petitioner was directed to submit the filing fee in full on or before May 2, 2008.  Petitioner was again advised that his failure to timely comply with the Court's order would result in the recommended dismissal of his action without prejudice for failure to prosecute the action diligently and failure to comply with the Court's orders.

The Court's April 17, 2008, order has not been returned, and no responsive filing has been received from Petitioner, despite the Clerk's certification that a copy of the order was mailed to him personally the same day as entered at his last given address at the Tucker Unit of the Arkansas Department of Correction.  The Clerk's office has confirmed that no filing fee has been received.  Under the rules governing state habeas cases, a habeas petition "must be accompanied" by a filing fee unless the petitioner has been given permission to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Rule 3(a), Rules Governing § 2254 Cases in United States District Courts.  Because "the opportunity to proceed in forma pauperis is a privilege, not a right," the Court has discretion to grant or

deny in forma pauperis status in habeas actions.  <u>Weaver v. Pung</u>, 925 F.2d 1097, 1099 n.4 (8th Cir. 1991).  In this case, Petitioner was denied permission to proceed in forma pauperis, and he has failed to submit the required filing fee as ordered.  Petitioner's case should therefore be dismissed without prejudice due to his failure to prosecute the action diligently and his failure to respond to the Court's orders.  Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); § 2254 Rule 11 (applicability of Federal Rules of Civil Procedure in habeas proceedings); <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630-31 (1962) (district court has power to dismiss sua sponte under Rule 41(b)); <u>Brown v. Frey</u>, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting <u>Haley v. Kansas City Star</u>, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order); <u>Garrison v. Int'l Paper Co.</u>, 714 F.2d 489, 491 (8th Cir. 1985).

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1.Petitioner's case should be DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE.

2.Any PENDING MOTIONS should be DENIED AS MOOT.

DATED this 21st day of May, 2008.

_____
UNITED STATES MAGISTRATE JUDGE