IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAYSON WAYNE CARROLL                                                    PETITIONER
ADC #135507

V.                              NO. 5:08cv00029 JWC

LARRY NORRIS, Director,                                                 RESPONDENT
Arkansas Department of Correction

MEMORANDUM OPINION AND ORDER

Jayson Wayne Carroll, an Arkansas Department of Correction inmate, brings this

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1).  Respondent

concedes (doc. 21) that Petitioner is in his custody and has exhausted all nonfutile state

remedies, *see id.* § 2254(a-c), but asserts that the petition should be denied for other

reasons.  Petitioner replied (doc. 27).  For the reasons that follow, the petition must be

denied.[1]

I.
Background

On August 4, 2005, Petitioner appeared in the Circuit Court of Columbia County,

Arkansas, pleading guilty to charges of false imprisonment and possession of a controlled

substance (methamphetamine).  He was placed on probation for five years.  (Resp't Ex.

A [doc. 21-2].)  By pleading guilty, Petitioner waived his right to a direct appeal under

Arkansas law.  Ark. R. App. P.-Crim. 1(a) (2005).

On September 29, 2005, the state filed a petition to revoke, alleging that Petitioner

had admitted to possessing and using controlled substances, associating with a convicted

_____

[1]The parties have consented to the jurisdiction of the Magistrate Judge (doc. 23).

felon, possessing a firearm, and failing to report to his probation officer.  *See Carroll v. State*, No. CACR 06-632, 2006 WL 3734745, at *1  (Ark. Ct. App. Dec. 20, 2006) (Resp't Ex. C [doc. 21-4]).   Following a hearing, the circuit court revoked his probation, and sentenced him to eight years of imprisonment.   Judgment was entered on February 23, 2006.  (Resp't Ex. B [doc. 21-3].)  Petitioner appealed, asserting that the circuit court erred in revoking his probation.  The Arkansas Court of Appeals affirmed on December 20, 2006. *Carroll*, *supra*.

In April 2006 – while the revocation appeal was pending – Petitioner attempted to file two actions in this Court: (1) a 42 U.S.C. § 1983 civil rights complaint against the parties involved in his state criminal proceedings, and (2) a petition for post-conviction relief pursuant to Ark. R. Crim. P. 37.  The first was transferred to the United States District Court for the Western District of Arkansas, where venue was proper based on the facts alleged and the named defendants.  *Carroll v. Chandler, et al.*, No. 4:06cv00504-GH (E.D. Ark. Apr. 28, 2006); *see also* doc. 1, at 7-8 (docket sheet for Western District Case No. 1:06-cv-01047-HFB-BES), 10-21 (apparently pages from § 1983 complaint and magistrate judge's report and recommendation).   The second was forwarded, on May 2, 2006, to the Columbia County Circuit Court (doc. 1, at 38).  On May 11, 2006, the state circuit court entered an order denying Petitioner's Rule 37 petition, finding that it was without merit and was, further, an untimely attack on his 2005 guilty plea.  *State v. Carroll*, Nos. CR-2004-88A, CR-2005-42A (Columbia Co. Cir. Ct. May 11, 2006) (Resp't Ex. D [doc. 21-5]; doc. 1, at 39-41.)  There is no evidence or allegation of an appeal of the Rule 37 denial.[2]

---

[2]Petitioner submits copies of a brief and motion in Arkansas Court of Appeals Case No. CACR 07-941 (doc. 1, at 22-36).  This was a direct appeal regarding a separate conviction for second degree escape, for which Petitioner was sentenced to twelve years of imprisonment (*see*

Petitioner now brings this federal habeas petition, advancing the following claims:

1.     His false imprisonment conviction was obtained by a plea of guilty in August 2005 that was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea, because he was told the charge would be dropped after his wife told his lawyer and the prosecutor that she was not held against her will;

2.     His conviction for possession of a controlled substance in August 2005 was obtained by use of evidence gained pursuant to an unconstitutional search and seizure, because his car was searched without his permission;

3.     He was denied the effective assistance of counsel in connection with the false imprisonment conviction because his attorney told him the charge would be dropped after Petitioner's wife explained that she was never held against her will; and

4.     His false imprisonment conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant, when the prosecutor lied to the judge and said she had not talked to Petitioner's wife.

As Respondent observes, Petitioner's federal habeas claims are directed only to the validity of his convictions for false imprisonment and possession of a controlled substance, to which he pled guilty in August 2005. (*See also* doc. 1, ¶¶ 1-4.) He does not challenge the probation sentence he received at that time, or the February 2006 probation revocation proceeding or decision. In this context, Respondent asserts that the petition should be dismissed for two reasons: (1) as barred by the statute of limitations as set forth in 28 U.S.C. § 2244(d); or (2) as procedurally defaulted because Petitioner failed to properly present his claims to the state courts, *see Coleman v. Thompson*, 501 U.S. 722 (1991).

In reply, Petitioner asserts that he tried to raise his current claims by filing "an appeal," a Rule 37 state post-conviction petition, and a 42 U.S.C. § 1983 action, but he

---

doc. 21, at 2 n.2). The conviction and sentence were recently affirmed. *Carroll v. State*, No. CACR 07-941, 2009 WL 88338 (Ark. Ct. App. Jan. 14, 2009).

was "misinformed by the law library." He says he pled guilty to a charge he did not commit (false imprisonment) because he was under the impression that charge had been dropped. He said the possession conviction was based on "just a tiny piece of aluminum foil with leftover speed on it, an immeasurable amount." He says he instructed his attorney in August 2005 "to appeal the plea," and he now asks the courts to "make the proper corrections."

## II.
### Analysis

As applicable here, a state prisoner seeking to challenge his state court conviction in federal court must file a petition for federal habeas relief within one year after the state conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The finality of a state court judgment is expressly defined by statute as "the conclusion of direct review or the expiration of the time for seeking such review." *Id.*; *see Jiminez v. Quarterman*, No. 07-6984, 2009 WL 63833, at *4 (U.S. Jan. 13, 2009).

In Arkansas, a guilty plea waives the right to direct review of a criminal conviction. Ark. R. App. P.-Crim. 1(a). Here, Petitioner pled guilty to the charges at issue on August 4, 2005. A criminal judgment is effective, under Arkansas law, when entered of record by filing with the circuit court clerk. *Bradford v. State*, 94 S.W.3d 904, 908-09 (Ark. 2003). Although Petitioner was placed on probation by two orders entitled "Conditions of Probation" and filed with the circuit clerk on August 4, 2005 (doc. 21-2), the record reflects that no judgment and commitment order was entered until the probation was revoked six

months later.[3]   The judgment, finding him guilty of false imprisonment and possession of

a controlled substance and imposing a term of imprisonment, was filed of record with the

circuit court clerk on February 23, 2006 (doc. 21-3).   For purposes of the federal limitations

period, filing deadlines fall on the anniversary date of the triggering event, making

Petitioner's federal habeas petition due on February 23, 2007.   *Wright v. Norris*, 299 F.3d

926, 927 n.2 (8th Cir. 2002).

Assuming Petitioner placed his petition in the prison mailing system on the day he

signed it, February 1, 2008 (doc. 1, at 6), this habeas petition is deemed "filed" on that

date, almost one year past the deadline and, therefore, untimely.   *See* Rule 3(d), Rules

Governing § 2254 Cases in United States District Courts (inmate filing is timely if deposited

in the institution's internal mailing system on or before the last day for filing); *Nichols v.*

*Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) (timeliness of federal habeas petition

measured from date delivered to prison authorities for mailing to court clerk).

Section 2244(d)(1) contains three provisions which can delay the date on which the

statute of limitations begins running, none of which Petitioner invokes.   *See* 28 U.S.C. §

2244(d)(1)(B)-(D).   Specifically, there is no allegation or evidence of any state-created

---

[3]Respondent asserts that "judgment was entered" on August 4, 2005, and that Petitioner's convictions became final on that day, making any federal habeas petition due on August 4, 2006 (doc. 21, at 3-4).  Although Respondent provides no explanation, argument or documentation for this judgment entry-date, there is some arguable support.  The August 4, 2005 orders state that Petitioner had "entered a plea of guilty" and had "been placed on probation for a period of five years" subject to a number of conditions, including the payment of two $50 fines, court costs and attorney fees (doc. 21-2).  The Arkansas Court of Appeals has held that, when a trial court places a defendant on probation and imposes a fine at the same time, a valid judgment of conviction has been entered. *Webb v. State*, 990 S.W.2d 591, 592 (Ark. Ct. App. 1999); *see* Ark. Code Ann. § 5-4-301(d)(1)(A). The Court need not determine whether these particular probation orders would be construed as a valid judgment under state law because, regardless of which date is used, the habeas petition is untimely.  Under these circumstances, the Court has given Petitioner the benefit of the later date.

impediment which has prevented him from seeking federal habeas relief since his conviction under subsection (d)(1)(B), he does not identify any United States Supreme Court case announcing a newly recognized constitutional right under subsection (d)(1)(C), and he does not allege any factual predicates which could not have been discovered earlier under subsection (d)(1)(D).  Furthermore, the constitutional rights at issue are well-established.  *See North Carolina v. Alford*, 400 U.S. 25 (1970) (requirement that plea be voluntary and intelligent); *Wong Sun v. United States*, 371 U.S. 471 (1963) (admissibility of physical evidence or verbal statements resulting from unlawful seizure); *Hill v. Lockhart*, 474 U.S. 52 (1985) (counsel's ineffectiveness in connection with guilty plea); *Brady v. Maryland*, 373 U.S. 83 (1963) (due process is violated where prosecution fails to disclose to the accused material evidence which is favorable to him).

Additionally, the time during which a properly filed application for state post-conviction relief is pending is not counted toward the one-year limitations period.  28 U.S.C. § 2244(d)(2).  Petitioner's Rule 37 petition was pending only a few days in the state circuit court (from about May 3, 2006, to May 10, 2006), and he did not appeal.  At most, the limitations period would be tolled during the six or seven days the Rule 37 petition was pending,[4] as well as the thirty-day period during which he could have sought an appeal of

---

[4]An untimely state post-conviction application is not "properly filed" for § 2244(d)(2) tolling purposes.  *Allen v. Siebert*, 128 S. Ct. 2, 3-5 (2007).  Here, the circuit court addressed the merits of Petitioner's Rule 37 petition and found it was "too late" to raise any claims dealing with his 2005 guilty plea (doc. 21-5, ¶ 5).  Pursuant to Rule 37.2(c), a post-conviction petition challenging a conviction obtained on a guilty plea must be filed within 90 days of entry of judgment.  However, a defendant who is placed on probation, but not physically incarcerated, cannot file a Rule 37 petition because he is not "in custody" as defined by the state courts.  *Bohanan v. State*, 985 S.W.2d 708, 709-10 (Ark. 1999); *Mason v. State*, 914 S.W.2d 751, 752 n.2 (Ark. 1996).  Furthermore, as stated, it is unclear when a valid "judgment" of conviction was entered on the August 2005 plea, triggering the 90-day period.  Issues raised by these state-law questions cannot be – and need not be – resolved on the record presented.  The Court has given Petitioner the benefit of the doubt, treating the Rule 37 petition as properly filed for § 2244(d)(2) purposes.

the denial, which is insufficient to make this petition timely.  *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) (state post-conviction application is pending until it "has achieved final resolution through the State's post-conviction procedures"); *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir. 2002) (post-conviction application is not "pending" between the date direct review concludes and the date an application for state post-conviction relief is filed); *Williams v. Bruton*, 299 F.3d 981, 983-84 (8th Cir. 2002) (post-conviction application remains "pending" during the period for taking an appeal, even if petitioner does not do so); Ark. R. App. P.-Crim. 2(a)(4) (notice of appeal must be filed within thirty days from entry of order denying Rule 37 petition).

Petitioner's appeal of the February 2006 revocation decision has no effect on the calculation of the limitations period regarding this federal habeas petition, as his claims here challenge only the August 2005 guilty plea.  *See* 28 U.S.C. § 2244(d)(2) (limitations period is tolled only for pendency of a properly filed state post-conviction application "with respect to the pertinent judgment or claim").  The issues raised in the revocation appeal were limited to the factual basis upon which the circuit  court based its revocation decision. *See Carroll*, *supra.*

Section 2244(d)'s one-year provision is a true statute of limitations, rather than a jurisdictional bar, and is thus subject to equitable tolling in addition to the mechanisms specified by statute.  *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000).  A habeas petitioner seeking to equitably toll the federal limitations period bears the burden of establishing (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented a timely filing.  *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007).

Where a habeas petitioner has encountered "the kinds of obstacles faced by many if not most habeas petitioners," equitable tolling is inapplicable because Congress is presumed to have considered such equities in enacting the limitations period and the enumerated statutory provisions. *Jihad v. Hvass*, 267 F.3d 803, 806-07 (8th Cir. 2001). Equitable tolling affords "an exceedingly narrow window of relief," and is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Runyan v. Burt*, 521 F.3d 942, 945 (8th Cir. 2008). It is not justified by a petitioner's pro se status, lack of legal knowledge or legal resources, any confusion about or miscalculations of the federal limitations period, or the failure to recognize the legal ramifications of actions taken in state post-conviction proceedings. *See, e.g., Lawrence*, 127 S. Ct. at 1085-86 (no equitable tolling due to legal confusion about whether limitations period tolled by certiorari petitions, counsel's miscalculation, or petitioner's alleged mental incapacity); *Finch v. Miller*, 491 F.3d 424, 427-28 (8th Cir. 2007) (petitioner's filing of three improper state post-conviction applications); *Jackson v. Ault*, 452 F.3d 734, 736-37 (8th Cir. 2006) (petitioner's attempt to obtain state post-conviction counsel), *cert. denied*, 549 U.S. 1123 (2007); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004) (petitioner's misunderstanding of state post-conviction procedures); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1016 (8th Cir. 2003) (petitioner's lack of understanding of the law); *Baker v. Norris*, 321 F.3d 769, 771-72 (8th Cir. 2003) (incarcerated petitioner's limited law library access and alleged lack of notice of the statute of limitations).

As illustrated by the cases cited above, any obstacles faced by Petitioner were certainly not extraordinary when measured according to those encountered by a typical prisoner who prosecutes a pro se federal habeas petition.

Furthermore, it is clear in the Eighth Circuit that a claim of actual innocence, standing alone, is insufficient to justify equitable tolling:

> We do not hold that actual innocence can never be relevant to a claim that the habeas statute of limitations should be equitably tolled. For such a claim to be viable, though, a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations.

*Flanders v. Graves*, 299 F.3d 974, 978 (8th Cir. 2002). Petitioner has not alleged – much less established – the existence of any action or inaction by the state or any state actor that prevented him, in the exercise of reasonable diligence, from raising his current specific factual and legal arguments in a timely federal habeas petition. Absent obstructive state action, an actual-innocence claim simply cannot, under the current state of the law in the Eighth Circuit, entitle a petitioner to equitable tolling. *Id.* at 977-78; *see also Baker*, 321 F.3d 769 at 772 (no equitable tolling where habeas petitioner alleged no state conduct that lulled her into inaction and she knew the factual basis for her actual-innocence claims at time of her conviction but sought no judicial review for fifteen years); *Freeman v. Norris*, 58 Fed. Appx. 667, 668 (8th Cir. 2003) (unpub.) ("Given Freeman's failure to show wrongdoing by the State prevented him from bringing a timely [habeas] petition, his reliance on actual innocence to invoke equitable tolling is misplaced.").

In summary, this petition was filed outside the one-year limitations period provided in § 2244(d), and Petitioner has not demonstrated that the period should be tolled or extended under any statutory provision or equitable principles. Therefore, the petition must be denied as untimely.

Because the untimeliness is clear, it is unnecessary to address Respondent's procedural default argument.

III.
Conclusion

For the foregoing reasons, this 28 U.S.C. § 2254 petition for writ of habeas corpus (doc. 1) is **denied as untimely**, dismissing this action in its entirety with prejudice.

IT IS SO ORDERED this 27th day of January, 2009.

_____
UNITED STATES MAGISTRATE JUDGE